**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF<br><br>American National Mortgage Partners, LLC; ANMP 74th St., LLC,<br><br>    Debtors.<br><br>Taylor Coleman,<br><br>    Appellant,<br><br>vs.<br><br>James Sell,<br><br>    Appellee. | No. CV-08-2000-PHX-SMM<br><br>BK 2:03-03803-RJH<br>    2:03-03799-RJH<br><br>ADV. No. 07-00215<br><br>BAP No. AZ-08-1263<br><br>**ORDER** |

    Pending before the Court is Appellant Taylor R. Coleman's ("Coleman") appeal from the final judgment of the bankruptcy court dismissing all claims against James C. Sell ("Sell"). After evaluating the record on appeal and the arguments raised by the parties in their briefs, the Court finds that remand is appropriate.

    The issue presented to the Court by this appeal is novel: what protection is a receiver entitled to, if any, when he is a member of the board of directors for one of his receivership's debtors. In this action, the bankruptcy court granted Sell's motion to dismiss Coleman's Third Amended Complaint on the grounds that Sell, a receiver for one of Coleman's creditors

1 and appointed by the Maricopa County Superior Court, could not be sued without the
2 permission of that court. After denying Sell's earlier motions to dismiss based on immunity,
3 the bankruptcy court ruled *sua sponte* that based on the U.S. Supreme Court decision in
4 Barton v. Barbour, that a receiver cannot be sued without leave from the appointing court.
5 104 U.S. 126, 128 (1881). Because Coleman had failed to obtain permission from the
6 Superior Court, the bankruptcy court determined that Coleman was without authority to act
7 and dismissed Coleman's claims. At issue in this case is whether Sell was acting as a
8 receiver while serving on the board of directors, or whether he was acting as a director,
9 separate from his responsibilities as the receiver for American National Mortgage Partners
10 ("ANMP").

11 After an oral ruling, the trial court held that Sell was the receiver for ANMP, and
12 therefore the Barton doctrine applied. (Excerpt of R. 401). It is unclear, however, from the
13 briefs and the record that each side presented if Sell's actions resulted in a material change
14 of position, such that he was no longer acting under the protection of his title as receiver, but
15 took on the responsibilities of becoming a paid board member, or whether his protection as
16 a receiver carried over to his duties as a board member.

17 Without a factual determination if Sell's actions on the board were within the scope
18 of his duties as the receiver for ANMP, this Court cannot make a determination if the trial
19 court ruled appropriately in applying the Barton doctrine. Based on the record and the briefs
20 filed by both parties, there is a significant question of fact over which role Sell was
21 occupying when he sat on the board of directors. For example, Coleman alleges that Sell
22 attempted to collect from Castle's insurance policy to pay for his defense in this action.
23 (Appellant Br. 11). This allegation raises the issue of whether Sell's attempt to collect from
24 Castle's insurance policy for his defense converts his role as a matter of law from being a
25 receiver attempting to collect the assets of ANMP, to a board member with a fiduciary duty
26 to the shareholders of Castle. Effective review of these issues is not possible based on the
27 record and briefing currently before this Court. Therefore, this Court will remand the matter
28

to the bankruptcy court to conduct an evidentiary hearing and to make findings of fact and conclusions of law consistent with this order.

Accordingly,

**IT IS ORDERED**, that the matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion, including entry of findings of fact and conclusions of law as to whether or not Sell was acting as a receiver or a board member while sitting on the Castle board of directors.

DATED this 6th day of July, 2009.

Stephen M. McNamee
United States District Judge